UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re

MARTHA AKERS,

    *Debtor.*

MARTHA AKERS,

    *Appellant*,

   v.

WENDELL W. WEBSTER, *et al.*,

    *Appellees.*

No. 19-cv-3190 (DLF)

Bankruptcy No. 16-0600

## MEMORANDUM OPINION

On October 19, 2019, Martha Akers filed a notice of appeal from bankruptcy case No. 16-0600. Dkt. 1. On November 22, 2019, the Clerk of Court provided the parties with notice of transmission of the record on appeal. Dkt. 3. In that notice, the Clerk of Court notified appellant Martha Akers that Rule 8018(a) of the Bankruptcy Rules of Civil Procedure required her to serve and file any brief within 30 days, and that her failure to do so could result in dismissal on appellee's motion or, after notice, on the Court's own motion. *Id.* On December 4, 2019, the Clerk of Court notified the parties that the appeal may be untimely; that Akers still had not paid the required fee for filing a notice of appeal; that Akers had not complied with Rule 8009(a)(1) to file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented"; and that Akers had not ordered, as Rule 8009(b)(1)(A) requires, a transcript of the bankruptcy court's oral decision of September 12, 2019. Dkt. 4.

On January 6, 2020, Akers still had not filed a brief, and the Court issued a minute order explaining that Akers had missed her Rule 8018(a) deadline and noting the other apparent deficiencies just mentioned.  The Court further explained that if an appellant fails to file a brief on time, the district court, "after notice, may dismiss the appeal on its own motion."  Fed. R. Bankr. P. 8018(a)(4).  The Court notified Akers that if she wished to pursue her appeal, she was required to file a brief on or before January 27, 2020.  The Court also cautioned that failure to do so could result in dismissal of her appeal.

On January 28, 2020, Akers filed a brief.  On January 30, 2020, appellee Wendell W. Webster filed a motion to dismiss on the grounds that Akers's brief was untimely.  Dkt. 9.

The Court will grant Webster's motion.  Akers's brief was late even though the Court had already given her over five extra weeks to file it.  This tardiness alone is grounds to dismiss her appeal.  But because Akers was only a day late, the Court does not rest on her delay alone.  Akers also failed to provide any justification for her delay.  And though it is hard to tell what aspects of the bankruptcy decision Akers challenges, her brief does not appear to raise any apparent grounds for reversal.  Finally, Akers still does not appear to have complied with certain of the requirements that the Clerk of Court noted, such as paying a filing fee or ordering a transcript of the challenged decision.  For all these reasons, the Court will dismiss her appeal.  A separate order consistent with this decision accompanies this memorandum opinion.

May 6, 2020

DABNEY L. FRIEDRICH  
United States District Judge